No. 273

MOWREY v. BRUBAKER, et

Ohio Appeals, 5th Dist., Ashland Co.

No. 160.  Decided Nov. 6, 1926

1105.  STATUTE OF FRAUDS—Where contract and agreement for sale of "lands, tenemants and hereditaments" is partly in writing and partly oral, it does not satisfy the provisions of 8621 GC. and therefore has no force and effect as a written contract.

First Publication of this Opinion

HOUCK, J.

This action was instituted originally in the Ashland Common Pleas and the issues were raised by the answer and cross petition of O. L. Mowrey against David Brubaker et al, the basis of Mowrey's claim being upon damages claimed by him as a result of the purchase from Adelaide Brubaker, on a certain contract, partly in writing and partly oral, whereby she, as claimed, agreed to convey certain real estate by warranty deed.

Judgment in the lower court was for Brubaker et.  Proceedings in error were instituted to reverse the judgment and the Court of Appeals held:

1.  The claim of Mowrey grows out of a contract, partly written and partly oral, for the purpose and sale of certain real estate.

2.  Measuring the allegations of Mowrey's answer and cross-petition, the following, from 8621 GC. "No action shall be brought, whereby to charge the defendant - - - - upon a contract or sale of lands, tenements or hereditaments" etc., conclusively bars Mowrey from obtaining the relief he seeks in this case.

3.  The alleged contract was offered in evidence, and from an examination thereof, it

was never executed as required by law and therefore has no force as a written contract.

Judgment therefore affirmed.

(Shields & Lemert, JJ., concur.)

Attorneys—J. L. Mason for Mowrey; C. C. Sherick for Brubaker; both of Ashland.